UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MARGARET JO WERNER,

                 Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,

                Defendant.

NO:  13-CV-0354-TOR

ORDER ON CROSS MOTIONS FOR
SUMMARY JUDGMENT

      BEFORE THE COURT are Plaintiff's Motion for Summary Judgment (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 18), as well as Plaintiff's Reply Memorandum (ECF No. 19).   Plaintiff is represented by David L. Lybbert.  Defendant is represented by Sarah L. Martin.  This matter was submitted for consideration without oral argument.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 1

1    Inexplicably, concerning two issues raised in this case, Defendant asks this

2    Court to reject the last several decades of Ninth Circuit case law in favor of a

3    unitary standard of review that "[t]he findings of the Commissioner . . . as to any

4    fact, if supported by substantial evidence, shall be conclusive. . ."  ECF No. 18 at

5    5, 11-12.  The Court declines Defendant's invitation, but recognizes the contention

6    has been raised and preserved for possible appeal to the Ninth Circuit (*en banc*) or

7    the Supreme Court.

8                                    JURISDICTION

9    The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g),

10   1383(c)(3).

11                               STANDARD OF REVIEW

12   A district court's review of a final decision of the Commissioner of Social

13   Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is

14   limited:  the Commissioner's decision will be disturbed "only if it is not supported

15   by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

16   1158–59 (9th Cir. 2012).  "Substantial evidence" means relevant evidence that "a

17   reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159

18   (quotation and citation omitted).  Stated differently, substantial evidence equates to

19   "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

20   citation omitted).  In determining whether this standard has been satisfied, a

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 2

reviewing court must consider the entire record as a whole rather than searching

for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner. If the evidence in the record "is

susceptible to more than one rational interpretation, [the court] must uphold the

ALJ's findings if they are supported by inferences reasonably drawn from the

record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless."

*Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's]

ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted).

The party appealing the ALJ's decision generally bears the burden of establishing

that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act. First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's

impairment must be "of such severity that he is not only unable to do his previous

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 3

1    work[,] but cannot, considering his age, education, and work experience, engage in

2    any other kind of substantial gainful work which exists in the national economy."

3    42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

4        The Commissioner has established a five-step sequential analysis to

5    determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R.

6    §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  At step one, the Commissioner

7    considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

8    416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

9    Commissioner must find that the claimant is not disabled.  20 C.F.R.

10   §§ 404.1520(b), 416.920(b).

11       If the claimant is not engaged in substantial gainful activities, the analysis

12   proceeds to step two.  At this step, the Commissioner considers the severity of the

13   claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

14   claimant suffers from "any impairment or combination of impairments which

15   significantly limits [his or her] physical or mental ability to do basic work

16   activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

17   416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

18   however, the Commissioner must find that the claimant is not disabled.  *Id.*

19       At step three, the Commissioner compares the claimant's impairment to

20   several impairments recognized by the Commissioner to be so severe as to

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 4

preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe as or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 5

20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

ALJ FINDINGS

Plaintiff filed an application for disability insurance benefits on April 14, 2011, Tr. 222–23, and an application for supplemental security income disability benefits on April 22, 2011, Tr. 224–29.  Plaintiff alleged her disability began June 30, 2010.  Tr. 222, 224.  Plaintiff's claims were denied initially, Tr. 105–08, 109–13, and were denied upon reconsideration, Tr. 117–19, 120–22.  Plaintiff requested

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 6

a hearing before an ALJ which resulted in two hearings held on November 14, 2012, and on April 29, 2013.  Tr. 123–24, 76–96, 42–78.  The ALJ issued a decision denying Plaintiff benefits on May 8, 2013.  Tr. 19-28.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 30, 2010.  Tr. 21.  At step two, the ALJ found that Plaintiff had the following severe impairments:  a depressive and anxiety disorder.  *Id.*  At step three, the ALJ found these impairments did not meet or medically equal a listed impairment.  Tr. 22.

The ALJ then concluded that Plaintiff had the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: only one-to-three step tasks, no more than average productivity/production work, and only superficial contact with the general public and occasional contact with coworkers.  She should also work with objects rather than people."  Tr. 23.  The ALJ found, at step four, that Plaintiff's RFC made her incapable of performing any past relevant work.  Tr. 26.  At step five, after considering the Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found Plaintiff could perform other work existing in significant numbers in the national economy in representative occupations such as hotel housekeeper/cleaner and price marker.  Tr. 27.  In light of the ALJ's finding at step five, the ALJ concluded that Plaintiff was not disabled, as defined by the Social Security Act.  Tr. 28.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 7

1    The Appeals Council denied Plaintiff's request for review on September 4,

2  2013, making the ALJ's decision the Commissioner's final decision for purposes

3  of judicial review.  Tr. 1–5; 20 C.F.R. §§ 404.981, 416.1484, 422.210.

4                                          ISSUES

5        Plaintiff seeks judicial review of the Commissioner's final decision denying

6  her disability insurance benefits and supplemental security income disability

7  benefits under Title II and Title XVI of the Social Security Act.  Plaintiff has

8  raised three issues for review:

9        1) Whether the ALJ erred by failing to credit Plaintiff's subjective
            complaints about her symptoms.
10
11        2) Whether the ALJ erred by not giving weight to the medical opinions
            of Dr. McDougall regarding Plaintiff's limitations.

12        3) Whether the ALJ presented a complete hypothetical to the vocational
            expert.
13

14  *See* ECF No. 14 at 8.

15                                     DISCUSSION

16  **A. Plaintiff's Testimony**

17        In social security proceedings, a claimant must prove the existence of

18  physical or mental impairment with "medical evidence consisting of signs,

19  symptoms, and laboratory findings."  20 C.F.R. §§ 416.908, 416.927.  A claimant's

20  statements about his or her symptoms alone will not suffice.  20 C.F.R. §§

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 8

416.908, 416.927.  Once an impairment has been proven to exist, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).  As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

In order to find Plaintiff's testimony unreliable, the ALJ is required to make "a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002). An ALJ must perform a two-step analysis when deciding whether to accept a claimant's subjective symptom testimony. *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996). The first step is a threshold test from *Cotton v. Bowen* requiring the claimant to "produce medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged pain." 799 F.2d 1403, 1407 (9th Cir. 1986); *see also Bunnell v. Sullivan,* 947 F.2d 341, 343 (9th Cir. 1991). "Once a claimant meets the *Cotton* test and there is no affirmative evidence suggesting she is malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only if [the

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 9

ALJ] makes specific findings stating clear and convincing reasons for doing so."
*Smolen,* 80 F.3d at 1283–84 (citing *Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir. 1993)). In weighing the claimant's credibility, the ALJ may consider many factors, including "'(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen,* 80 F.3d at 1284). If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing. *Tommasetti*, 533 F.3d at 1039. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

In the case before the Court, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms. Tr. 23. The ALJ then considered and rejected Plaintiff's testimony regarding the intensity, persistence, and limiting effects of the symptoms. Plaintiff contends that the ALJ did so without providing clear and convincing reasons.

The ALJ observed that notations from Plaintiff's treating medical providers indicate that Plaintiff has experienced significant improvement in her depression

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 10

1   and anxiety symptoms when she follows her treatment.  Tr. 24.  A review of the

2   records the ALJ cited supports this finding.  "While subjective [symptom]

3   testimony cannot be rejected on the sole ground that it is not fully corroborated by

4   objective medical evidence, the medical evidence is still a relevant factor in

5   determining the severity of the claimant's [symptom] and its disabling effects."

6   *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  Statements regarding

7   treatments that alleviate symptoms are important factors in determining the

8   intensity and persistence of symptoms.  20 C.F.R. §§ 404.1529(c)(3),

9   404.929(c)(3).

10          The ALJ also found that Plaintiff's depression and panic disorder with

11   agoraphobia were deemed mild in June 2011, by a consultative, examining

12   psychologist.  Tr. 24, 387–88.  The psychologist only indicated some deficits

13   communicating with the general public, co-workers and supervisors, Tr. 24, and

14   the ALJ incorporated this into the residual functional capacity finding, Tr. 23.  This

15   psychological evaluation contradicts Plaintiff's debilitating symptoms.

16          Further, the ALJ cited additional reasons for discounting Plaintiff's claimed

17   limiting effects of her symptoms, including her independent activities of daily

18   living, that her inability to drive was not disability related, that her last job ended

19   because her employer went out of business not because of her disability, that she

20   never pursued counseling treatment consistently, and that the medical records

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 11

showed she stopped taking her medication for a period of time. Tr. 25–26.  Indeed, at the hearing in April 2013, Plaintiff admitted she could work if transportation was not an issue and she did not have to work with the general public.  Tr. 25, 52–53.

While Plaintiff's lack of transportation may present some difficulty, the fact that she could participate in workplace activities contradicts her claim of a totally debilitating impairment.  *See Molina*, 674 F.3d at 1112–13 ("While a claimant need not 'vegetate in a dark room' in order to be eligible for benefits, . . . the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting . . . . Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." (internal citations omitted)).

The ALJ's credibility determination was based upon specific, clear, and convincing reasons sufficient for this Court to conclude that the determination was not arbitrary.  *See Thomas*, 278 F.3d at 958–59.  As such, the ALJ properly evaluated and rejected Plaintiff's testimony.

**B. Dr. McDougall's Opinions**

Plaintiff argues that the ALJ improperly rejected the opinions of Dr. Rachael McDougall, who examined Plaintiff for Washington Department of Social and

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 12

1    Human Services (DSHS).  Plaintiff contends the ALJ did not give clear and

2    convincing reasons to reject Dr. McDougall's opinion.

3         There are three types of physicians:  "(l) those who treat the claimant

4     (treating physicians); (2) those who examine but do not treat the claimant

5    (examining physicians); and (3) those who neither examine nor treat the claimant

6    [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

7    *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 200l) (citations omitted)

8    (brackets in original).  "Generally, a treating physician's opinion carries more

9    weight than an examining physician's, and an examining physician's opinion

10   carries more weight than a reviewing physician's."  Id. at 1202.  "In addition, the

11   regulations give more weight to opinions that are explained than to those that are

12   not . . . and to the opinions of specialists concerning matters relating to their

13   specialty over that of nonspecialists."  *Id*. (citations omitted).  A physician's

14   opinion may be entitled to little if any weight, when it is an opinion on a matter not

15   related to her or his area of specialization.  *Id*. at 1203, n. 2 (citation omitted).  "If a

16   treating or examining doctor's opinion is contradicted by another doctor's opinion,

17   an ALJ may only reject it by providing specific and legitimate reasons that are

18   supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th

19   Cir. 2005) (citing *Lester v. Chater*, 81 F.3d 821, 830–831 (9th Cir. 1995)).

20

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 13

1    Dr. McDougall examined Plaintiff on two occasions, December 2010 and

2    May 2012.  Tr. 545–51, 556–62.  In both reports, Dr. McDougall opined that

3    Plaintiff had several moderate impairments.  In the May 2012 report, Dr.

4    McDougall also opined that Plaintiff has a number of marked impairments as well

5    as one severe impairment.  The ALJ considered and rejected these opinions.

6    The ALJ observed that Dr. McDougall's opinions contradicted Plaintiff's

7    treatment records which, as discussed above, indicate her symptoms were greatly

8    alleviated with treatment.  The ALJ is responsible for resolving such conflicts in

9    medical evidence.  *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).  In

10   assigning greater weight to the treatment records, the ALJ noted that Dr.

11   McDougall's report was made after single-session evaluations, not during the

12   course of a continuing treatment relationship.  Generally, greater weight is given to

13   a treating physician's observation of symptoms.  *Holohan*, 246 F.3d at 1202.  The

14   ALJ also noted that Dr. McDougall's evaluation was based largely on Plaintiff's

15   self-reported symptoms, which the ALJ did not credit.  An ALJ may reject an

16   examining physician's opinion which is "based to a large extent on a claimant's

17   self-reports that have been properly discounted as incredible."  *Tommasetti v.*

18   *Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal and quotation and citation

19   omitted).  The ALJ provided specific and legitimate reasons to resolve the

20

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 14

1    conflicting medical testimony in favor of the description of Plaintiff's symptoms in

2    her treatment notes as opposed to the opinion of a single evaluating physician.

3    **C. Hypothetical to Vocational Expert**

4    Plaintiff contends the ALJ erred by posing an incomplete hypothetical to the

5    vocational expert. Specifically, Plaintiff argues the ALJ failed to include the

6    limitations identified in Dr. McDougall's opinions. "[I]n hypotheticals posed to a

7    vocational expert, the ALJ must only include those limitations supported by

8    substantial evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir.

9    2006). As discussed above, the ALJ weighed the contradicting medical opinions

10   and concluded that Dr. McDougall's opinions were not supported by the evidence

11   in the record. Because the ALJ did not err in making this conclusion, the ALJ did

12   not err by excluding the limitations identified by Dr. McDougall from the

13   hypothetical posed to the vocational expert. The ALJ's hypothetical contained an

14   accurate and detailed description of the limitations that the ALJ found credible and

15   supported by substantial evidence in the record. Tr. 71; *see Tackett v. Apfel*, 180

16   F.3d 1094, 1101 (9th Cir. 1999). Accordingly, no error has been shown.

17   **D. Plaintiff's New Argument Raised in Reply**

18   In her reply memorandum, Plaintiff asserts for the first time that the ALJ

19   erred by not concluding, at step two, that she suffered severe impairments caused

20   by PTSD or panic disorder with agoraphobia. ECF No. 19 at 2–3. By failing to

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 15

1    raise this issue timely, Plaintiff has prevented the Defendant from addressing it in

2    the briefing before the Court.

3         While Plaintiff has pointed to some evidence in the record in support of her

4    assertion that she suffers PTSD and panic disorder with agoraphobia, she has

5    completed neglected to challenge the ALJ's specific findings on this matter.  The

6    ALJ found:

7         Dr. Martin, medical expert at hearing, pointed out that while the
          claimant may have initiated counseling treatment, she had never really
8         pursued or been consistent and even with just medication treatment,
          she had been reporting improvement. As for PTSD, the record simply
9         fails to set forth any symptoms which would substantiate such a
          diagnosis. She further testified/opined that the claimant had an
10        increase in anxiety following her divorce but this clearly improved
          with medication and the help of her friends. She went on to indicate
11        that according to the evidence, the claimant does pretty well on
          medication and only had an increase in symptomatology when she
12        went off them. It was her opinion that other than being reactive in
          social situations, the claimant was not significantly impaired and that
13        her only limitation was working away from people.

14   Tr. 25–26.  Plaintiff has failed to challenge this finding in any discernable way.

15   Accordingly, Plaintiff has not demonstrated error.  *See Rogal v. Astrue*, 2012 WL

16   7141260 at *3 (W.D.Wash. 2012) (unpublished) ("It is not enough merely to

17   present an argument in the skimpiest way, and leave the Court to do counsel's

18   work-framing the argument and putting flesh on its bones through a discussion of

19   the applicable law and facts.") (citations omitted).

20        Defendant is entitled to summary judgment.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 16

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 18) is
   **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter

**Judgment** for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** October 30, 2014.



THOMAS O. RICE
United States District Judge

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 17